UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA F. GREEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) No. 1:12-cv-01875-SEB-TAB ) ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION ON BRIEF IN SUPPORT OF APPEAL**

**I.    Introduction**

Plaintiff Linda F. Green, now appearing pro se,[1] appeals the Commissioner's decision denying her application for a period of disability and disability benefits. Green seeks disability benefits for the period from July 2008 to her date last insured, March 2009.[2] During that time, Green suffered from Hashimoto's thyroiditis, plantar fasciitis, osteoarthritis, bursitis, obesity, and polyarthralgia. [Docket No. 12-2 at 17.] The Administrative Law Judge denied her application finding that Green is capable of performing past relevant work as generally performed in the national economy. Green argues that the ALJ failed to consider the vocational expert's statements in her decision. The Commissioner argues that the ALJ's findings were reasonable and thorough. For the reasons set forth below, the Magistrate Judge recommends that

---

[1]  Plaintiff testified with counsel before the ALJ. [Docket No. 12-2 at 24–50.]

[2]  Shortly after the date of last insured, Green was diagnosed with lymphoma and mini-strokes; however, there is no objective evidence that any related symptoms existed during the alleged period of disability. As such, the November 2009 diagnoses are not relevant for a period of disability dating from July 2008 to March 2009.

1

Green's brief in support of appeal [Docket No. 15] be denied and the Commissioner's decision be affirmed.

## II. Discussion

The Social Security regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled: whether the plaintiff (1) is currently unemployed, (2) has a severe impairment, (3) has an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations, (4) is unable to perform past relevant work, and (5) is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; *Simila v. Astrue,* 573 F.3d 503, 512–13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.* For a period of disability, the claimant must establish that she was disabled prior to her date last insured to be eligible for disability insurance benefits. *See* 20 C.F.R. §§ 404.315(a)(1), 404.320(b)(2); *Shideler v. Astrue,* 688 F.3d 308, 311 (7th Cir. 2012).

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Blakes v. Barnhart,* 331 F.3d 565, 568 (7th Cir. 2003). "[T]he substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The ALJ need not mention every piece of evidence in the record, so long as he builds a logical bridge from the evidence to his conclusion. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

Green's opening brief is merely a two-page statement lacking any meaningful argument and any citation to the record. [Docket 15.] Green's reply brief also consists of two pages,

though it has a bit more substance than the opening brief. [Docket No. 20.] In her reply brief, Green argues that she never received any information from the Social Security Administration about time limits. [*Id.* at 2.] However, she provides no legal support for this assertion and just mentions it in passing. This is not sufficient to support her claim. Moreover, Green impermissibly attaches a July 18, 2013, letter from oncologist Dr. Gregory W. Smith, which cannot properly be considered. *See* 42 U.S.C. § 405(g) (permitting additional evidence if plaintiff can show new evidence is material and there is good cause for failing to previously incorporate the evidence). Green failed to develop her arguments and her brief lacks any citation to relevant authority. Thus, her arguments are waived. *See U.S. v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

Nevertheless, the Court reviews the ALJ's decision to determine whether substantial evidence supports her findings. The ALJ used the VE's testimony as evidence and found that Green was not disabled because she could perform her past relevant work as a florist as generally performed in the national economy. [Docket No. 12-2 at 20.] Green argues that the ALJ's decision failed to address the VE's testimony that Green had no transferable skills. [Docket Nos. 15, 20.] The Commissioner contends that the ALJ reasonably developed the record with the VE's testimony and medical reports to support her finding. [Docket No. 19 at 6–7.]

A review of the November 1, 2011 hearing reveals that the VE's testimony is truncated. The four-sentence testimony merely gives the exertion level of Green's past work and concludes that her skills as a florist are job specific and not transferable. [Docket No. 12-2 at 48.] The VE testimony consists of the following:

> ALJ: Okay, Mr. Burger, can you tell me the exertional level and skill level of the work she's done in the past?

3

>       VE:   Yes, the job as a florist is number 142.081-010.  The, the, Dictionary of Occupational Titles put, puts it at light work, Your Honor.  As she testified, it would have been medium work, and with an SVP: 6.
>
>       ALJ:   Okay, would she have any skills that are transferable to other light or sedentary work in the same industry?
>
>       VE:   No, Your Honor, from what I see her in the SCO, in the Selected Characteristics, as far as the full skills in being a florist is very job specific.

[*Id.*]

The VE addresses neither Green's ability to perform past relevant work to satisfy step four nor her ability to perform jobs in the national economy to complete the inquiry at step five. As such, the ALJ's examination of the VE was incomplete and in error.  The Court should reverse and remand for the improper VE examination if a VE testimony would change the ALJ's findings.  However, when the Court can predict with great confidence the same result on remand then error is harmless and remand is not necessary or productive.  *McKinzey v. Astrue,* 641 F.3d 884, 892 (7th Cir. 2011) ("But administrative error may be harmless; we will not remand a case to the ALJ for further speculation where we are convinced that the ALJ will reach the same result.  That would be a waste of time and resources for both the Commissioner and the claimant."); *Spiva v. Astrue,* 628 F.3d 346, 353 (7th Cir. 2010) ("If it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshall that support, then remanding is a waste of time.").  Here, the Magistrate Judge has great confidence that the outcome would be no different on remand.

Even if the case were remanded for a proper VE examination, the ALJ assuredly would still deny Green's application based on the record.  During the relevant period of disability there was no significant treatment from physicians, Green's exams were unremarkable, and tests did

not reveal any abnormalities. [Docket No. 12-2 at 6.] X-rays and bone density scans in October and November 2008 had unremarkable results. Moreover, multiple state agency medical consultants reviewed the record and found insufficient evidence to support a showing of a severe impairment from July 2008 to March 2009. [*Id*.] The ALJ's decision gave Green the benefit of doubt by finding severe impairments—"[r]esolving all doubt in favor of the claimant, the undersigned instead finds that the record supports severe impairments that limited the claimant to the full range of light work"—however, the record supports a finding that Green would have been able to perform the physical and mental demands as a florist in the general economy during the period of disability.

### III.     Conclusion

The ALJ erred in its examination of the VE and the ALJ's decision is not supported by the evidence. Nevertheless, the Magistrate Judge finds that this error is harmless because the ALJ would reach the same outcome on remand. For these reasons, the Magistrate Judge recommends that Green's brief in support of appeal [Docket No. 15] be denied and the Commissioner's decision be affirmed. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated:  11/13/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

LINDA F. GREEN
5440 Shelbyville Rd.
Indianapolis, IN 46237

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov